### In re MERWIN & WILLOUGHBY CO.

(District Court, N. D. New York. October 11, 1913.)

BANKRUPTCY (§ 342*) — ORDER DISPOSING OF CLAIM — MOTION TO REOPEN — LACHES.

An order of the District Court disposing of a claim against a bankrupt not appealed from will not be set aside on an application made three months after it was entered and after the trustee has filed his final report to permit the claimant to introduce further evidence of which it had

knowledge and was given full opportunity to present at the hearing before the referee.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 918; Dec. Dig. § 342.*]

In the matter of Merwin & Willoughby Company, bankrupt. On motion to set aside and open the order in the matter of the claim of Lampson Consolidated Stores Company, and which claim on appeal to the District Court from the decision of the referee was allowed at the sum of $204.75. Motion denied.

Douglas Boyd, of Gloversville, N. Y., for claimant.
Baker, Burton & Baker, of Gloversville, N. Y., for trustee.
John Grant, of Utica, N. Y., for creditors.

RAY, District Judge. The papers show that the evidence which the claimant now seeks to introduce was well known to and in the possession of the claimant prior to and at the time the merits of the claim under objections thereto were tried before the referee in bankruptcy. It was not there produced, nor was any offer or attempt made to produce it, although ample opportunity was given for the purpose. On appeal and review no request was made for leave to introduce such evidence, nor was any application made to have the case sent back to the referee for the introduction of such evidence. From the record it appears that the claim was first presented at the first meeting of creditors, May 16, 1912, but was not left on file and was not formally presented and filed until December 23, 1912. Objections were then filed and a hearing had on the merits March 26, 1913. An adjournment was then taken to April 3d, to enable the claimant to put in evidence of the value of the property if it elected so to do—the same evidence now sought to be introduced. On the adjourned day the claimant did not appear, but later the attorney for the trustee offered to open the case for the admission of evidence as to value. The claimant did not avail itself of this offer. May 8, 1913, the case was decided by the referee. The review was had and argued before this court June 9, 1913. June 24, 1913, the judge rendered his decision, and a copy of the opinion was sent the attorney for the claimant. July 2d, the order was made and entered in accordance with such decision, and July 3d, copies were served on claimant's attorney. No appeal was taken. No motion was made to open or reconsider or for the production of further evidence until October 1, 1913, more than 20 days after the trustee had filed his final account. This court was in session every Saturday during July, at Norwich, and every day during August and September, either at Norwich or Syracuse.

First. The evidence sought to be introduced is not newly discovered evidence, or of that nature. It was well known to the claimant and it had full opportunity to present it. Claimant deliberately elected not to introduce it.

Second. There has been such laches that the court would be very unjust to the trustee and to the creditors should it now open up the litigation over this claim.

Third. There is no pretense of fraud, concealment, surprise, or newly discovered evidence.

Fourth. There should be a reasonably speedy disposition of bankruptcy matters, and no such precedent, as this would be, should be established.

The motion to open, etc., is denied.